UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:12-cv-60185-DIMITROULEAS/SNOW

**UNITED STATES OF AMERICA**
**and THE STATE OF FLORIDA,**
**ex rel. MANUEL CHRISTIANSEN**
**and BRIAN ASHTON,**

       **Plaintiffs/Relators**

**v.**

**EVERGLADES COLLEGE, INC.**
**d/b/a KEISER UNIVERSITY,**

       **Defendant.**
_____/

## THE UNITED STATES OF AMERICA'S COMBINED MOTION
## (A) TO INTERVENE FOR PURPOSES OF SETTLEMENT;
## (B) FOR COURT'S APPROVAL OF PROPOSED SETTLEMENT; AND
## (C) FOR PROTECTIVE ORDER WITH RESPECT TO RELATORS' DISCOVERY
## WITH SUPPORTING MEMORANDUM OF LAW

The United States of America ("United States"), through its undersigned counsel, hereby moves to intervene in this action, pursuant to 31 U.S.C. § 3730(c)(3), for the purpose of settlement and respectfully requests that the Court approve the proposed settlement between the United States and Defendant Everglades College, Inc. d/b/a Keiser University ("Defendant" or "Keiser").[1]  In addition, because the evidence establishes the proposed settlement is fair, adequate, and reasonable, the United States moves for entry of a

---

[1]  The unexecuted, proposed settlement agreement between the United States and Keiser, which is conditioned on this Court's approval pursuant to 31 U.S.C. § 3730(c)(2)(B), is attached to the United States' Motion For An Indicative Ruling With Supporting Memorandum Of Law (DE 430) ("Indicative Ruling Motion").  For the Court's convenience we file another copy as Exhibit A here.

protective order quashing Relators Manuel Christiansen's and Brian Ashton's (collectively, "Relators") overly broad discovery requests upon the United States, including its departments, agencies and attorneys, and barring discovery regarding the proposed settlement agreement.

## MEMORANDUM OF LAW

### I. Background

This Court is familiar with the procedural history of this *qui tam* action filed by the Relators on behalf of the United States pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733. The relevant background facts are set forth in the United States' Indicative Ruling Motion. The United States incorporates its Indicative Ruling Motion here and adds the following pertinent facts.

As previously noted, during the pendency of the parties' cross-appeals of this Court's decision in this case, the United States reached a settlement in principle with Keiser to resolve the matter. Relators indicated that they objected to the proposed settlement amount, and in opposing the United States' Indicative Ruling Motion, Relators questioned the right of the United States to settle with Keiser, argued that the United States' request to intervene was untimely, and asserted that the United States did not have good cause to intervene pursuant to 31 U.S.C. § 3730(c)(3). On April 1, 2015, this Court rejected Relators' arguments, granted the United States' Indicative Ruling Motion, and held that it "would grant the United States' proposed motion to intervene for good cause shown for the purpose of approving the proposed settlement between the United States and Defendant, pending a hearing as required by 31 U.S.C. § 3730(c)(2), if the case were remanded." DE 435, at 6.

The next day, on April 2, 2015, Keiser filed with the United States Court of Appeals for the Eleventh Circuit, its Notice of this Court's Order Granting Motion for Indicative Ruling and Motion To Remand to this Court for the United States' Intervention and this Court's Approval of Settlement.  Relators opposed Keiser's motion to remand and essentially asserted the same arguments they had in opposition to the United States' Indicative Ruling Motion.  Keiser filed a reply and Relators filed an additional "reply."  On June 11, 2015, after fully considering the parties' briefs, the Eleventh Circuit issued an Order granting Keiser's motion and remanding the matter in full.  *See* Mandate, DE 437.

## II.   This Court Has Recognized That Good Cause Exists to Allow the United States to Intervene

Now that this matter has been remanded in full, the United States respectfully advises the Court of its decision to intervene in this matter, pursuant to 31 U.S.C. § 3730(c)(3), for the purpose of effectuating the proposed settlement with Defendant.  For the reasons set forth in the United States' Indicative Ruling Motion (pp. 6-8), which we incorporate here, the United States should be granted leave to intervene for the purpose of settlement.  As this Court recognized, the facts support the United States' intervention to execute the proposed settlement:

> Despite expending considerable time and resources, Relators have arguably failed to obtain significant results in this case.  As the United States argues, if it is denied intervention, certainly its interest in obtaining a settlement sum that far exceeds the amount of the judgment, and likely its interest in preventing Eleventh Circuit affirmation of unfavorable legal conclusions bearing on future FCA claims, would be prejudiced. . . . Furthermore, the Court would grant intervention for the purpose of facilitating settlement, and the proposed settlement will not inhibit the Relators claims to attorney's fees, costs, or share of the settlement.

DE 435, at 3-4.

Under the terms and conditions of the proposed settlement agreement, upon the Court's approval of the agreement and the United States' receipt of Keiser's payment of the settlement amount, the United States and Keiser will enter into a stipulation of dismissal of the claims brought on behalf of the United States by Relators in this action; however, the stipulation will specify that this Court retains jurisdiction to resolve any ongoing issues regarding the Relators' entitlement to a share of the settlement amount and to the payment of attorney's fees and costs pursuant to 31 U.S.C. § 3730(d).

### III.     The Proposed Settlement with Defendant is Fair, Adequate and Reasonable

For the reasons articulated by the United States in its Indicative Ruling Motion (pp. 8-13), which we incorporate here, the proposed settlement is "fair, adequate, and reasonable" under 31 U.S.C. § 3730(c)(2)(B). Relators have not demonstrated that the proposed settlement fails to meet this standard. In light of the evidence adduced at trial, the findings of this Court, and the amount of the judgment in this case, Relators' objection to the proposed settlement is grounded in an unrealistic assessment of the risks presented by the appeal.

As the United States has previously noted, at trial Relators sought to recover from Keiser on behalf of the United States at least $5.9 billion, which was comprised of $2,444,266,000.00 in civil penalties on 222,206 alleged false claims and $3,483,899,321.00 in actual damages premised upon alleged single damages in the amount $1,467,133,107.00 trebled, and subtracting $917,500,000.00 for actual or expected student loan repayments, taking into account the cost to the Government in collections. *See* Relators' Proposed Findings of Fact and Conclusions of Law, DE 286 at ¶¶ 71, 124, 125, 126. However, this Court found that Relators failed to present factual evidence and expert testimony to support

-4-

their substantial claim for damages. *See* DE 318 at ¶¶ 44, 48, 50, 55 (finding that the record Relators introduced lacked evidence that United States would have sought or succeeded in obtaining various remedies against Keiser relating to its federal funding had Government been made aware of false claims, this Court concluded that United States did not suffer any financial damage). As a result, this Court found that the Defendant was not liable for any actual damages, and the Court imposed total civil penalties in the amount of $11,000 based on its finding that Defendant was liable only for the submission of two false claims.

Under the proposed settlement, Keiser has agreed to pay the United States $335,000.00 to resolve its liability under the FCA. This amount is 2945.45% greater than the $11,000 judgment Relators achieved on behalf of the United States after trial in this case. The proposed settlement does not seek to resolve or dismiss Relators' claim to attorneys' fees and costs, which Relators and Defendant are now litigating in the Eleventh Circuit Court of Appeals. The proposed settlement also does not resolve the Relators' claim to a share of the proceeds of the settlement.[2] After considering these exact facts, this Court stated:

> Success at trial was, to say the least, limited, and while it is true that appeal of the judgment is pending, <u>the proposed settlement agreement amount far exceeds the relatively small $11,000 civil penalty imposed following trial</u>. . . . While this proposed settlement follows lengthy and costly proceedings, and faces vigorous

---

[2]  In cases where the Government does not proceed with a *qui tam* action, the relator "shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages . . . [which] shall be not less than 25 percent and not more than 30 percent of the proceeds of the action or settlement and shall be paid out of such proceeds." 31 U.S.C. § 3730(d)(2). After the judgment was entered, this Court made no finding with respect to Relators' share of the proceeds of the action. As previously noted, the United States acknowledges Relators' entitlement to a share and is willing to negotiate an appropriate share with Relators.

>opposition from relators, the fact that so much effort has been expended for so little benefit achieved to date weighs in favor of resolving this action now for a sum much larger than that awarded at trial. Again, the settlement does not inhibit in any way Relators' claims as to attorneys' fees, costs, and a share of the settlement.

DE 435 at 4 - 6 (citations to record omitted). Accordingly, the proposed settlement is fair, adequate, and reasonable, and the United States respectfully requests that the Court approve the settlement.

### IV. Relators' Discovery Requests Regarding the Proposed Settlement Should be Quashed

While the FCA contemplates that the court will hold a hearing to determine whether the proposed settlement is fair, adequate, and reasonable, the statute does not require the hearing to be an *evidentiary* one. As this Court is aware, Relators, in opposing the United States' Indicative Ruling Motion, asserted that they are entitled to broad discovery beyond the scope of anything that could reasonably bear on whether the settlement agreement is fair, adequate, and reasonable. Relators stated that they need to review all communications between Defendant and the United States, all communications between any third parties and the United States or Defendant, and all of the Government's internal memoranda relating to "the litigation, the negotiations, the settlement and dealings with Relators or their counsel." Relators' Mem. in Opp'n to United States' Indicative Ruling Motion (D.E. 432), at 16, n.7. Relators also asserted that they need to depose the individuals involved in negotiating and drafting the proposed settlement, as well as individuals who communicated with Relators and their counsel subsequent to the trial of this case. *Id.*

This Court has already cautioned Relators with respect to requesting such overly broad discovery:

> Relators argue that they are entitled to an evidentiary hearing and broad discovery on all communications surrounding the negotiation of the settlement agreement. The Court does not believe that such extensive discovery as requested by Relators would be merited here. *See U.S. v. U.S. ex rel. Thornton*, 207 F.3d 769, 772-73 (5th Cir. 2000) (arguing that while relator should be "allowed access to as much documentation as possible" the inquiry must not be permitted to "balloon into extensive collateral litigation"); *see also U.S. ex rel. Schweizer v. Oce N. Am.*, 956 F. Supp. 2d 1, 11 (D.D.C. 2013) (explaining that while some discovery may be warranted under certain circumstances, "plaintiff-relator is not entitled to full-blown discovery at this stage as of right"); *U.S. ex rel. Resnick v. Weill Med. Coll. of Cornell Univ.*, No. 04 Civ. 3088 (WHP), 2009 WL 637137, at *3 (S.D.N.Y. Mar. 5, 2009) (denying relator's request for discovery on the settlement agreement as "not necessary" because the settlement was "clearly fair, adequate, and reasonable").

DE 435 at 5, n. 1.

Ignoring the Court's indicative ruling on the discovery issue, Relators have now served upon both the United States and Keiser discovery requests that are overly broad and seek information having no relevancy to whether the proposed settlement is fair, adequate, and reasonable. (Relators' requests for documents and interrogatories are attached as Exhibits B, C, D, and E). Relators, or their counsel, are seeking full-blown discovery of irrelevant matters that will balloon into extensive collateral litigation. For example, Relators propound interrogatories upon the United States demanding that the United States detail each demand and offer made during the negotiation of the proposed settlement amount, including the rationale for each demand and offer. Relators also seek information from the United States regarding its evaluation of Relators' likelihood of success on appeal before and after December 23, 2014, including whether the United States assigned specific percentages to Relators' likelihood of success. *See* Exhibit B at ¶¶ 5, 6, 7. Relators also demand that the United States provide the reasons that it filed a Statement of Interest after

trial and that it identify all of its representatives who: (a) "read the entire transcript of the trial," including "the date or dates on which the transcript was read," (b) "reviewed all the documents placed into evidence at the trial," and (c) "attended the trial" and "the dates of attendance." *Id.* at ¶¶ 8, 9, 10, 11.

In addition to seeking through interrogatories, discovery that is irrelevant to whether the proposed settlement is fair, adequate, and reasonable, Relators also demand the production of documents, communications and information that also has no relevancy to the only issue before this Court, that is, whether the proposed settlement is fair, adequate, and reasonable. The production requests have no relevancy and therefore Relators' Request for Production should be quashed in it is entirety. The United States additionally notes that certain of the requests are also objectionable in that they seek information protected by the United States' attorney-client and deliberative process privileges, as well as attorney opinion work product. For example, Relators request all communications and documents relating to communications between DOJ and DOE concerning the proposed settlement. Exhibit C at Request Nos. 3 & 10.

The Relators do not require any of the discovery they seek in order to evaluate whether the proposed settlement is fair, adequate, and reasonable. Relators already possess the information essential for such analysis, namely, the Court's opinion, the amount of the judgment entered by the Court in this case, and the proposed settlement amount. In discussions with Relators' counsel and in the briefing on the United States' Indicative Ruling Motion, the United States has already provided the Relators with its assessment of the risks presented by the appeal, including the United States' position regarding the Relators' likelihood of success on appeal. Relators' disagreement with the United States'

assessment of these can be further addressed in any oral argument, but do not merit the overbroad discovery sought by Relators here.

Federal Rule of Civil Procedure 26(c) provides the Court with broad discretion to issue orders prohibiting or limiting discovery. Under Rule 26(c), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The rule explicitly outlines the types of orders a court may issue, including orders that forbid the disclosure or discovery or forbid inquiry into certain matters, or limit the scope of disclosure of certain matters. *Id.*

As the United States previously noted, the FCA does not require an *evidentiary* hearing, and Relators are not entitled to such extensive discovery as a matter of right. *See also United States ex rel. Ridenour v. Kaiser-Hill Co.,* 397 F.3d 925, 935 (10th Cir. 2005) (quoting Judiciary Committee Report, S. Rep. 99–345, at 26 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5291); *see also United States ex rel. Schweizer v. Océ N. Am.*, 956 F. Supp. 2d 1, 11 (D.D.C. 2013) (rejecting relator's contention that she was "entitled to full-blown discovery . . . in order to prove that the settlement is inadequate[.]").

The Court should only grant an evidentiary hearing and discovery when "the *qui tam* relator shows a 'substantial and particularized need' for a hearing," such as presenting "a colorable claim that the settlement . . . is unreasonable in light of existing evidence, that the Government has not fully investigated the allegations, or that the Government's decision was based on arbitrary and improper considerations." *Ridenour*, 397 F.3d at 935. Here, Relators have not demonstrated a substantial and particularized need for the discovery they seek nor for an evidentiary hearing. Simply put, they merely disagree with the United States' assessment of the risks posed by appeal in light of the Court's opinion and relevant

case law as discussed fully in the United States' Indicative Ruling Motion. The Relators' discontent with the United States' position does not justify Relators' request for discovery or constitute a substantial and particularized need for an evidentiary hearing. Ignoring the largely unsuccessful results of their own prosecution of this case on the United States' behalf, as well as the harm potentially inflicted on the United States' efforts to prosecute matters under the FCA if Relators received an adverse ruling on appeal, Relators now seek to engage in an oppressive collateral attack through overly broad discovery seeking irrelevant information on the proposed settlement agreement that can only be characterized as an effort to annoy, embarrass and cause undue burden or expense to the United States and Keiser. As such Relators' discovery requests should be quashed and a protective order entered barring Relators from seeking additional discovery.

## **LOCAL RULE 7.1 AND FED.R.CIV.P. 26(C) CERTIFICATE**

Undersigned counsel for the United States has conferred in good faith in writing with counsel for Defendant Keiser University and also with counsel for Relators.

Keiser University's counsel, Justin Sorel, Esq. has authorized the Undersigned to represent to the Court that Defendant Keiser University has no objection to the relief sought in this motion.

Relators' Counsel, Ira Silverstein, Esq., has advised the Undersigned that Relators object to the relief sought in this motion.

## **CONCLUSION**

For all the foregoing reasons, the United States requests that this motion be granted and that: (a) the United States be permitted to intervene in this action, pursuant to 31 U.S.C. § 3730(c)(3), for limited purpose of effectuating the proposed settlement; (b) the Court

approve the proposed Settlement Agreement between the United States of America and Defendant; and (c) because the evidence establishes the proposed settlement is fair, adequate and reasonable, that the Court enter a protective order quashing Relators' overly broad discovery requests upon the United States of America, including its departments, agencies and attorneys, and barring discovery regarding the proposed Settlement Agreement. The United States further requests such other relief as is just and equitable.

Respectfully submitted,

| | |
|---|---|
| **BENJAMIN C. MIZER**<br>**Principal Deputy Assistant Attorney General** | **WIFREDO A. FERRER**<br>United States Attorney |
| **MICHAEL D. GRANSTON**<br>**RENÉE BROOKER**<br>**ALLISON CENDALI**<br>**Attorneys**<br>U.S. Department of Justice<br>Civil Division<br>P.O. Box 261, Ben Franklin Station<br>Washington, DC 20044<br><br>Tel.:  202.616.4232<br>Fax:  202.514.0280<br>Email: Allison.Cendali@usdoj.gov<br><br>Counsel for United States | /s James A. Weinkle<br>    **JAMES A. WEINKLE**<br>    Assistant United States Attorney<br>Fla. Bar No.: 0710891<br>99 N.E. 4th Street, 3rd Floor<br>Miami, Florida 33132<br><br>Tel.:  305.961.9290<br>Fax:  305.530.7139<br>Email: James.Weinkle@usdoj.gov<br><br>Counsel for United States |

## CERTIFICATE OF FILING AND SERVICE

*United States of America, State of Florida ex rel. Manuel Christiansen
and Brian Ashton, Plaintiffs vs. Everglades College, Inc. d/b/a Keiser University*
**CASE NO.: 0:12-cv-60185-DIMITROULEAS/SNOW**

I hereby certify that on June 30, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Dale J. Morgado, Esq.<br>MORGADO PA<br>228 Park Ave S. Suite 84164<br>New York, NY 10003<br><br>Telephone: 855.899.9121<br><br>Email: djm@morgado.us<br><br>Counsel for Relators<br><br>Ira B. Silverstein, Esq.<br>The Silverstein Firm<br>Suite 1200<br>1515 Market Street<br>Philadelphia, PA 19102<br><br>Telephone: 215.854.4068<br><br>Email: irasilverstein@tsfllc.net<br><br>Counsel for Relators | Barry A. Postman, Esq.<br>Justin C. Sorel, Esq.<br>Cole, Scott & Kissane, PA<br>1645 Palm Beach Lakes Blvd.,<br>Second Floor<br>West Palm Beach, Florida 33401<br><br>Telephone: 561.383.9229<br><br>Email: barry.postman@csklegal.com<br>Email: Justin.sorel@csklegal<br><br>Counsel for Keiser University<br><br>Thomas E. Scott, Jr., Esq.<br>Cole, Scott & Kissane, PA<br>9150 South Dadeland Blvd., Suite 1400<br>Miami, FL 33156<br><br>Telephone: (305) 350-5300<br><br>Email: Thomas.Scott@cskegal.com<br><br>Counsel for Keiser University |

I also caused a copy of the foregoing to be e-mailed:

Mark S. Hamilton, Esq.,
Bureau Chief, North Region, Economic Crimes Division
Office of the Attorney General, State of Florida
The Capitol, PL-01
Tallahassee, Florida 32399-1050

Telephone: 850.414.3300
Email: Mark.Hamilton@myfloridalegal.com

Counsel for the State of Florida                    /s James A. Weinkle
                                                                            JAMES A. WEINKLE
                                                                            Assistant United States Attorney